FILED

MAY 5 - 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-106 (TFH) |
| : | |
| CATHY ODOM also known as : | |
|      TAMMY ODOM, : | Plea Hearing Date: May 5, 2006 |
|      Defendant. : | |
| : | **UNDER SEAL** |

GOVERNMENT'S PROFFER OF EVIDENCE

Defendant Odom, agrees to admit her guilt and enter a plea of guilty to Count One of her Information which charges her with, Conspiracy to Distribute and Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base, also known as "Crack," in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Defendant Odom understands that pursuant to 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(A), that Count One of her Information carries a penalty of a term of imprisonment of not less than 10 years or more than life, a fine of not more than $4,000,000.00, or both, including a period of supervised release of at least 5 years. In addition, Defendant Odom agrees to pay a special assessment of $100.00 for her felony conviction to the Clerk of Court of the United States District Court for the District of Columbia prior to the date of sentencing or as directed by a Judge of the District Court. Defendant Odom further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine Defendant Odom's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

Defendant Odom agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, Defendant Odom is accountable for a total 669 grams or more of Cocaine Base, also known as "Crack," which quantity represents the total amount involved in Defendant Odom's relevant criminal conduct, including amounts Defendant Odom distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of Defendant Odom, pursuant to jointly undertaken criminal activity that was reasonably foreseeable by Defendant Odom and within the scope of Defendant Odom's conspiratorial agreement. However, Defendant Odom must understand that should she be determined to be a "Career Offender," then her guideline range may be substantially higher.

### *Elements of the Offense*

#### Conspiracy Count One

The essential elements of the offense of Conspiracy to distribute and possess with intent to distribute, in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute;

(2) that the Defendant intentionally joined in that illegal agreement.

See *United States v. Lam Kwong Wah*, 924 F.2d 298, 302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C. 306, 307-308 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846 by conspiring to violate federal narcotics

laws does not include an element of commission of an overt act in furtherance of the conspiracy. The law makes Cocaine Base, also known as "Crack" a controlled substance.

### Possession With Intent To Distribute

Alternative B -- 21 U.S.C. § 841(a)(1)

The essential elements of the offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance;

2. That the Defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the Defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person. The law makes Cocaine Base, also known as "Crack" a controlled substance.

### Distribution of Controlled Substances

Alternative B - 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the Defendant received or expected to receive anything of value in return.

2. That the Defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes Cocaine Base, also known as "Crack" a controlled substance.

**Statement of Fact**

Defendant Cathy Odom, also known as Tammy Odom, and several associates, both known and unknown, to the United States, have conspired to distribute and possess with intent to distribute Cocaine Base, also known as "Crack" a controlled substance, in violation of Title 21 United States Code §§ 841(a)(1) and 846. This conspiracy has venue and jurisdiction in the District of Columbia. The substances seized and distributed during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known as "Crack" a controlled substance. Defendant Odom conspired with various individuals, both known and unknown to the United States to include, but not limited to: Raymond Cooke, Niel Eugine Thomas, also known as Neil Eugene Thompson, and Marion Christopher David. Between May 7, 2004 and March 14, 2006, Defendant Odom distributed to undercover officers cocaine base also known as crack on seven [10 or more] different occasions ranging in amounts from approximately 23 grams for $1,200.00, in U.S. Currency to 130 grams for $4,000.00, in U.S. currency. Defendant Odom, who was the intermediary for her supplier, would call individuals like Defendants Cooke and Thomas aka Thompson to obtain the crack cocaine and then she would sell it to the undercover officers with the bulk of the illicit profits or monies going to persons like Defendants Cooke and Thomas aka Thompson. In total, the United States purchased 669 grams of crack cocaine from Defendant Odom at a cost of $21,400.00.. The substances purchased from Defendant Odom during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known as "Crack" a controlled substance.

### Defendant Cathy Odom aka Tammy Odom's Acceptance

I have read this factual proffer summary and have discussed it with my attorney, Elise Haldane, Esquire. I fully understand this proffer and agree that it is an accurate summary of the fact of my case and I agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this factual proffer summary.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement. I am satisfied with the legal services provided by my attorney in connection with my plea agreement and matters related to it.

Date: May 5, 2006          _____
                            Defendant Cathy Odom aka Tammy Odom

### ATTORNEY'S ACKNOWLEDGMENT

I have read each of the fourteen pages constituting this factual proffer summary, I have reviewed them with my client, and discussed the provisions of the summary and the plea agreement with my client, fully. These pages accurately sets forth the summary of facts in my client's case.

Date: May 5, 2006          _____
                            Elise Haldane, Esquire
                            Attorney for the Defendant Odom

WHEREFORE, it is respectfully requested that this pleading be made part of the record.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 246-470

By: _____
MARTIN DEE CARPENTER
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been electronically filed at ehaldane@msn.com, and mailed, postage prepaid, this 4th day of May, 2006, to counsel for Defendant Odom, Elise Haldane, Esquire, by first class mail, postage prepaid, and by facsimile to (202) 544-0165, Esquire Elise Haldane, Attorney-At-Law, 303 E. Street, N.E., Washington, D.C. 20002; Office No. (202) 659-8700 or (202) 270-5354

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063