UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 06-106 (TFH) |
| | : | |
| CATHY ODOM | : | |

MEMORANDUM IN SUPPORT OF SENTENCE

      Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Cathy Odom, by her attorney, Gary M. Sidell[1], hereby submits her memorandum in support of sentence. Ms. Odom is currently scheduled to be sentenced on Wednesday, November 28, 2007, at 11:00 a.m. At her sentencing, Ms. Odom expects to request that Honorable Court impose, as its sentence, a term of confinement limited to the amount of time she has served already, e.g., two (2) months from March 14, 2006 until May 5, 2006, with a period of supervised release. Ms. Odom bases her anticipated request on both her substantial assistance to the prosecution in not only this case, but in others developed for prosecution as well, in addition to the progress that she has made while on release in this case returning to a law-abiding and production member of the community. This memorandum will present Ms. Odom's proffered justification for her proposal, in addition to addressing portions of the pre-sentence report.

      1.      On May 5, 2006, more than one and one-half (1 ½) years ago, Ms. Odom entered a guilty plea to a single count Information charging her with conspiracy to distribute and possess

---

[1] Counsel for Ms. Odom began his representation on October 30, 2007, replacing Elise Haldane, Esq. As such, counsel's understanding of Ms. Odom's case does not result from first person information insofar as prior court proceedings are concerned. He has, however, spoken frequently with Assistant United States Attorney Martin Dee Carpenter, as well as Ms. Odom.

with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii).  Since that time, Ms. Odom has assisted the United States Attorney by providing many hours of information about the several co-defendants involved in this case and how this conspiracy operated, and provided information concerning three (3) unrelated criminal matters resulting from her own surreptitious drug purchases while under the supervision of Metropolitan Police Department officials.  Moreover, Ms. Odom, as a release condition from May, 2006, was required to check in by telephone daily with Det. Kevin Copeland.  When counsel contacted Det. Copeland on November 1, 2007, by telephone, he was informed that Ms. Odom continues to call him daily, even though she has not been involved in recent surreptitious drug purchases.  Furthermore, Ms. Odom was continued to test "negative" for controlled substances, another release condition from the spring of last year.

      2.     Imposition of a criminal sentence must consider a variety of factors, detailed in 18 U.S.C. § 3553, in order to fulfill the following four (4) traditional objectives:

        (A)  imposition of just punishment for committing the offense;

        (B)  provision of adequate deterrence to criminal conduct;

        (C)  protection of the public from further crimes by the defendant; and

        (D)  provision of needed education or vocational training, medical care or other corrective treatment to the defendant.   18 U.S.C. § 3553(a)(2).

      3.     While the United States Sentencing Guidelines are no longer mandatory, they do provide guidance for the imposition of criminal sentences.  <u>United States v. Booker,</u> 543 U.S. 220, 231-232, 125 S. Ct. 738, 749-750 (2005), so that there is some uniformity between defendants and different jurisdictions with sentences imposed for a given offense.  Moreover, Ms. Odom's written plea agreement notifies her that the ". . sentence to be imposed is a matter solely within the

discretion of the Court" based on consideration of the provisions of 18 U.S.C. §§ 3553(a) and (c) through (e), as well as the United States Sentencing Commission' Guidelines. See, Plea Agreement @ page 5. Similarly, Ms. Odom was expressly advised at the time of entry of her guilty plea that the Court, and only the Court, would determine her sentence.

    4.    In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offense, as well as the characteristics of the defendant must be evaluated. Ms. Odom submits that the main, if not sole, consideration relevant in assessing the appropriate sentence here is the first listed above, that of punishment. Ms. Odom, at nearly 48 years of age, has no prior criminal justice system involvement. More importantly, while Ms. Odom has had a lengthy history of abuse of controlled substances, which led to her involvement with this case, she has taken "the bull by the horns" and not only addressed that issue, but has successfully conquered her drug abuse by completion of the Harbor Lights 60 day in-patient program which she began immediately upon her release from custody in May, 2006. Indeed, not only has Ms. Odom begun, and continued, attending Narcotics Anonymous ("NA") on a daily basis (and occasionally twice per day), see, PSR @ page 8, paragraph 43, she has thrown herself into its ideology by volunteering for not one but two (2) service positions as "secretary" for one group and "general service representative" for a second. See, attached November 21, 2007 letter from Lisa Hurt. Additionally, Ms. Odom has been repaying Harbor Lights by assisting other recent graduates of that drug abuse program upon their discharge. Clearly, Ms. Odom has recognized that freedom from drug abuse is a constant struggle, but that she is winning that struggle. Ms. Odom has tested "negative" for controlled substances since her release, despite her involvement with surreptitious drug purchases. As a result, Ms. Odom submits that factors (B) and (C) identified in paragraph 2, above, are most ***unlikely*** to result, whatever the sentence

imposed in this case. Ms. Odom, at her sentencing, will demonstrate to this Honorable Court that there is no other element necessary in order to protect the public from prospective criminal conduct. Indeed, Ms. Odom has the support of her siblings, and others, who have been informed of her prior drug abuse and stand ready to support her continued efforts at sobriety. This sobriety is sustained not only due to Ms. Odom's NA active participation, but her renewed Bible studies and employment as a teacher of dance to young adults. Because of what she has experienced with drug abuse, Ms. Odom is in a unique position to provide first hand guidance to those young adults she is involved with due to her dance instruction if she detects their interest in controlled substances. Finally, Ms. Odom has gained a new appreciation for the deleterious effects of drug abuse due to her daughter's bout with breast cancer. We submit that, with the expectation of a period of supervised release, Ms. Odom will be adequately deterred from engaging in further criminal misconduct, if such additional, and external, deterrence is even necessary.

     5.    Imposition of the fourth factor, including educational or vocational training and medical care to the defendant, is unnecessary in light of Ms. Odom's long-term employment. From an exceptionally early age, Ms. Odom has known that she wanted to be involved with ballet dancing. While Ms. Odom graduated in the top one-third of her high school class, she has been a professional ballet dancer since age 13. See, PSR @ page 7, paragraph 35; November 21, 2007 letter from Lisa Hurt. Indeed, after high school graduation, Ms. Odom spent time in New York City as a ballet dancer. At the time of this offense, Ms. Odom had been employed for a decade as the Artistic Director at the Jones Hayward School of Dance in Washington. She lost that job upon disclosure of this case. Se, PSR @ page 9, paragraph 48. Since that time, however, Ms. Odom has found employment as a ballet instructor at the Joy of Motion dance studio, while she assists with a spring, 2008, production of The Wiz at the Duke Ellington School of the Arts. Clearly, Ms.

Odom is on the right track based upon her ability to find gainful employment in a field with rather limited opportunities. Since Ms. Odom has addressed, and continues to address, her substance abuse issues, we submit that a court imposed requirement would provide additional assurances to those Ms. Odom has set for herself to avoid any relapses. Hence, the provision of training, further care or similar corrective treatment would appear to be unnecessary in this case.

6. We submit, therefore, that punishment is the principal, if not sole, consideration in imposing a sentence in this case. Ms. Odom, acted as an intermediary between those providing large quantities of cocaine base and ultimate purchasers. She was drawn into this activity due to her continuing abuse of controlled substances herself as a way to obtain costly supplies for her addiction. At this time, however, since Ms. Odom has eliminated her abuse of cocaine, that incentive to be involved with further distribution would appear to be non-existent.

7. As a sentence, we propose a period of time of confinement, but limited to the approximate two (2) months that Ms. Odom has already spent in custody at the inception of this case, coupled with a term of supervised release to assure her continued progress and community protection. This proposal would impose a significant punishment on Ms. Odom for her misconduct based on her initial, and memorable, jail experience, while enabling her to continue her dance instruction and guidance for young adults and, thereby, allowing her to act as an ambassador to those particularly prone to drug abuse with her unique, and recent, experiences. Indeed, were an express condition of release imposed that Ms. Odom would need to provide instruction to students on the dangers of drug abuse, akin to statements by those involved with drunk driving fatalities, this option would provide a further degree of "punishment" to her, while providing potential guidance to young adults. Hence, Ms. Odom will have an additional and constant reminder of her wrongdoing prospectively.

8.   As this Honorable Court is well aware, the United States Sentencing Guidelines are now exclusively advisory, rather than mandatory.  <u>United States v. Booker</u>, <u>supra</u>.  Additionally, the United States Attorney's Office has already filed its Notice of Sentencing Departure (November 20, 2007), for both a reduction of sentence below an otherwise applicable USSG range, § 5K1.1, as well as to avoid a mandatory minimum sentence.  18 U.S.C. § 3553(e).  Such a Notice was filed due to Ms. Odom's "substantial assistance" including her own dangerous surreptitious drug purchases.  Additionally, due to Ms. Odom's lack of all prior criminal convictions, and her satisfaction of other relevant factors, she is eligible for consideration of the "safety valve" in order to avoid a mandatory minimum sentence of confinement.  18 U.S.C. § 35553(f).  Hence, Ms. Odom proposes a sentence of confinement, but limited to "time served" with the optional requirement of supervised release.  USSG § 5D1.1(b).  The proposal we submit here would appear to accomplish the relevant sentencing goal of punishment while allowing Ms. Odom to continue her progress on her drug abuse rehabilitation, employment and supportive role for others who themselves have been either involved with controlled substances already or who may have such a temptation and can avoid it through her help.

For the foregoing reasons, and any others which may be presented at the November 28, 2007 sentencing hearing, Ms. Odom submits that her proposal here would be a reasonable sentence to impose upon her in this case.

Respectfully submitted,

_____
Gary M. Sidell
1776 K Street, NW
Suite 800

                                                    Washington, D.C. 20006
                                                    D.C. Bar No. 961847
                                                    202-783-0060
                                                    Attorney for Defendant Cathy Odom

## CERTIFICATE OF SERVICE

I hereby certify that I have served this 26th day of November, 2007, a copy of the foregoing pleading upon Assistant United States Attorney Martin Dee Carpenter, Esq., by hand at his office, 555 Fourth Street, NW., Washington, D.C. 20530.

                                                      _____
                                                      Gary M. Sidell